UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN BROOKS, ON HER OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, <br><br>PLAINTIFF, <br><br>V. <br><br>GPM INVESTMENTS, LLC, <br><br>DEFENDANT. | Case No. 1:18-cv-3152 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now Robin Brooks ("Brooks"), on her own behalf and on behalf of those similarly situated, and brings this action against Defendant GPM Investments, LLC ("GPM") for violation of the Equal Pay Act of 1963, 29 U.S.C. §206(d) ("EPA"), and shows as follows:

**PARTIES**

1. Robin Brooks is an individual who resides Tippecanoe County, Indiana.

2. Brooks is a female.

3. At the times relevant to her claims, Brooks was an employee of GPM within the meaning of the EPA.

4. Defendant is a Virginia limited liability company doing business in Indiana, with its principal place of business at 8565Magellan Parkway, Richmond, Virginia.

5. Defendant's registered agent in Indiana is located at 155 East Market Street, Suite 800, Indianapolis, Indiana.

6. Upon Plaintiff's information and belief, Defendant may be found in this judicial district.

7. Upon Plaintiff's information and belief, a significant portion of the conduct upon which Plaintiff's claim arises occurred in, originated in, or is related to this judicial district.

8. At the times relevant to Plaintiff's claims, and those similarly situated, Defendant was an employer within the meaning of the EPA.

## JURISDICTION AND VENUE

9. This Court properly has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because Plaintiff asserts a claim arising under federal law, to wit, the EPA.

10. This Court is a proper venue for this case pursuant to 28 U.S.C. §1391 because Defendant may be found in this district, and because a substantial portion of the events giving rise to Plaintiff's Complaint occurred in this district.

## EQUAL PAY ACT COVERAGE

11. Defendant is an employer within the meaning of the Equal Pay Act, 29 U.S.C. §203(d).

12. Defendant was an enterprise engaged in commerce or in the production of goods for commerce, inasmuch as Defendant had employees who handled, sold, or otherwise worked on goods or materials that have moved or been used in interstate commerce, and has annual gross volume of sales in excess of $500,000.00.

13. Plaintiff and those similarly situated are employees within the meaning of the EPA, 29 U.S.C. §203(e)(1).

## FACTUAL ALLEGATIONS

14. Brooks worked for Defendant as a district manager.

15. For her work for Defendant as a district manager, Brooks was paid an annual salary.

16. Brooks' last annual salary was approximately $50,000.00.

17. Brooks' male colleague, Jared Payton, worked as a district manager.

18. Brooks did work that was substantially equal to that of male employees of Defendant.

19. Brooks did work that was substantially equal to that of Jared Payton.

20. Brooks and a male employee did their jobs under similar working conditions.

21. Brooks and Jared Payton did their jobs under similar working conditions.

22. Defendant paid Brooks less money than a male employee doing substantially equal work.

23. Defendant paid Brooks less money than Jared Payton, who was doing substantially equal work.

24. Brooks brought this pay disparity to Defendant's attention.

25. Defendant's human resources director agreed that Brooks was being paid less than a male employee doing substantially equal work under similar working conditions.

26. Despite it being identified and recognized that brooks was being paid less than a male employee doing substantially equal work under similar working conditions, Defendant declined to remedy the disparity.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

27. Defendant maintained a policy, pattern, practice, or plan by which women were paid less than men for substantially equal work performed under similar working conditions, or which resulted in women being paid less than men for substantially equal work performed under similar working conditions.

28. Upon Plaintiff's information and belief, this policy, pattern, practice or plan was not unique to Plaintiff, but affected other women employed by Defendant as district managers.

29. Upon Plaintiff's information and belief, Plaintiff and other female district managers employed by Defendant are similarly situated in that they were subjected to the same policy, pattern, practice or plan which resulted in disparate pay when compared against men performing substantially equal work under similar conditions.

## COUNT I – VIOLATION OF THE EQUAL PAY ACT

30. Plaintiff, and those similarly situated, did work for Defendant which was substantially equal to that of male employees of Defendant.

31. Plaintiff, and those similarly situated, and a male employee did their jobs under similar working conditions.

32. Defendant paid Plaintiff, and those similarly situated, less money than a male employee doing substantially equal work.

33. Defendant's actions violated the Equal Pay Act.

34. Defendant acted willfully in violating the Equal Pay act with respect to Plaintiff and those similarly situated.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands relief as follows:

1. An order awarding damages consisting of the difference between the pay of male employees and the pay of Plaintiff, and those similarly situated, during comparable time periods;

2. An order awarding Plaintiff, and those similarly situated, liquidated damages;

3. An order enjoining Defendant from further violations of the Equal Pay Act;

4. An order awarding Plaintiff's attorney's fees;

5. An order awarding the costs of this action;

6. An order awarding all other relief this Court deems necessary and proper in the premises.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)
Ball Eggleston PC
201 Main Street, Suite 810
Lafayette, IN 47902-1535
765.742.9046
jramsland@ball-law.com
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)